# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

**WYATT BUCKLEY, a minor**
by and through his natural mother and next friend, Heather Buckley
526 Setty Road
Albany, Ohio  45710,

and

**MARLON BUCKLEY**
526 Setty Road
Albany, Ohio 45710,

and

**HEATHER BUCKLEY**
526 Setty Road
Albany, Ohio 45710,

   Plaintiffs,

v.

**PEG PEREGO U.S.A., INC.**
3625 Independence Dr.
Fort Wayne, IN 46808,

   Defendant.

Case No. 2:13-cv-64 _____

Judge _____

**COMPLAINT**

(JURY DEMAND ENDORSED HEREON)

## THE PARTIES AND FACTUAL BACKGROUND

1.  Plaintiffs Heather Buckley, Marlon Buckley and Wyatt Buckley were, at all times relevant hereto, residents of Athens County, Ohio.

2.  Plaintiff Wyatt Buckley is a minor, now age 3, and this action is brought personally and on his behalf by his natural mother and next friend, Heather Buckley.

3.  Plaintiff Heather Buckley was, at all times relevant hereto, the spouse of Plaintiff Marlon Buckley.

4. Plaintiff Marlon Buckley was, at all times relevant hereto, the spouse of Plaintiff Heather Buckley.

5. Defendant Peg Perego U.S.A. Inc. ("Peg Perego") was, at all times relevant hereto, a corporation organized and existing under the laws of the State of Indiana, and doing business under the name Peg Perego. At all times relevant hereto, Peg Perego specialized in the manufacture, distribution, and sale of products for children, including toys.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1).

7. Venue is appropriate pursuant to 28 U.S.C. §1391(b)(2).

8. At all times relevant hereto, Defendant Peg Perego was a manufacturer, as defined at Ohio Revised Code Section 2307.71, which designed, formulated, produced, created, made, constructed, assembled, and/or rebuilt 12-volt battery operated toy tractors. These toy tractors were designed to be operated by a child who sits atop the toy tractor and controls the speed and direction of the toy tractor by using a foot pedal, gearshift, and steering wheel. These toy tractors are powered by a single 12-volt rechargeable battery.

9. On or about August 1, 2011 Plaintiffs purchased a "John Deere Turf Tractor with Trailer," model number IGOR0040 ("the product") at Walmart in Athens, Ohio. The product was designed, formulated, produced, created, made, constructed, assembled, and/or rebuilt by Defendant Peg Perego.

10. On June 3, 2012, Wyatt Buckley was using the product in the yard of his home, in the manner intended, when it suddenly and without warning caught fire and

engulfed Wyatt in flames, causing second and third degree burns over more than fifty percent of Wyatt's body.

11. In the process of extinguishing the flames, Plaintiffs Heather Buckley and Marlon Buckley also suffered burn injuries.

## COUNT ONE

### Defective Manufacture or Construction—Ohio Revised Code Section 2307.74

12. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 11 of this Complaint herein by reference.

13. When the product left the control of Defendant Peg Perego, it deviated in a material way from the Defendant's design specifications, formula, or performance standards, and it deviated in a material way from otherwise identical units manufactured to the same design specifications, formula, or performance standards. The product was therefore defective in manufacture or construction pursuant to the provisions of Ohio Revised Code Section 2307.74.

14. As a proximate result of the defective manufacture or construction of the product, Plaintiff Wyatt Buckley sustained physical injuries that are permanent in nature.

15. As a further result thereof, Plaintiff Wyatt Buckley has experienced great physical pain and suffering, with attendant emotional distress, all of which he will continue to experience in the future.

16. As a further result thereof, Plaintiff Wyatt Buckley has experienced a permanent loss of enjoyment of life and a permanent loss of ability to perform his usual functions.

17. As a further result thereof, Plaintiff Wyatt Buckley has incurred hospital and medical expenses in an unliquidated amount, and he will incur additional hospital and medical expenses in the future.

18. As a further result thereof, Plaintiff Wyatt Buckley will experience a permanent loss of prospective earnings, and other economic losses resulting from his prospective inability to work, all in an amount that is currently unliquidated. Furthermore, Plaintiff Wyatt Buckley has sustained a permanent impairment of his earning capacity.

## COUNT TWO

**Defective Design or Formulation—Ohio Revised Code Section 2307.75**

19. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 18 of this Complaint herein by reference.

20. When the product left the control of Defendant Peg Perego, the foreseeable risks associated with its design or formulation exceeded the benefits associated with that design or formulation. The product was therefore defective in design or formulation pursuant to the provisions of Ohio Revised Code Section 2307.75.

21. As a proximate result of the defective design or formulation of the product, Plaintiff Wyatt Buckley suffered the injuries and damages described in Count One of this Complaint.

4

## COUNT THREE

### Inadequate Warning or Instruction—Ohio Revised Code Section 2307.76

22. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 21 of this Complaint herein by reference.

23. At the time of marketing the product, and/or when the product left the control of Defendant Peg Perego, the Defendant knew, or in the exercise of reasonable care, should have known about the risk of fire associated with the product.

24. Despite its knowledge, Defendant Peg Perego failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning the risk, in light of the likelihood that the product would catch fire and cause burn injuries. The product was therefore defective due to inadequate warning or instruction pursuant to the provisions of Ohio Revised Code Section 2307.76.

25. As a proximate result of the inadequate warning or instruction, Plaintiff Wyatt Buckley suffered the injuries and damages set forth in Count One of this Complaint.

## COUNT FOUR

### Nonconformance with Manufacturer's Representations—Ohio Revised Code Section 2307.77

26. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 25 of this Complaint herein by reference.

27. When it left the control of the manufacturer, the product was defective because it did not conform to Defendant Peg Perego's representations, including that

5

the product was safe and suitable for use by young children. The product was therefore defective due to nonconformance with Peg Perego's representations pursuant to the provisions of Ohio Revised Code Section 2307.77.

28. As a proximate result of the nonconformance with representations, Plaintiff Wyatt Buckley suffered the injuries and damages set forth in Count One of this Complaint.

## COUNT FIVE

### Personal Injury Claim of Plaintiff Marlon Buckley

29. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 28 of this Complaint herein by reference.

30. As a proximate result of the product's defective manufacture or construction, defective design or formulation, inadequate warning or instruction, and nonconformance with representations, as previously recited herein, Plaintiff Marlon Buckley sustained physical injuries that are permanent in nature.

31. As a further result thereof, Plaintiff Marlon Buckley has experienced great physical pain and suffering, with attendant emotional distress, all of which he will continue to experience in the future.

32. As a further result thereof, Plaintiff Marlon Buckley has experienced a permanent loss of enjoyment of life and a permanent loss of ability to perform his usual functions.

33. As a further result thereof, Plaintiff Marlon Buckley has incurred hospital and medical expenses in an unliquidated amount, and he will incur additional hospital and medical expenses in the future.

34. As a further result thereof, Plaintiff Marlon Buckley has experienced a loss of earnings, and other economic losses resulting from his inability to work, all in an amount that is currently unliquidated. Additionally, Plaintiff Marlon Buckley will incur a further loss of earnings in the future.

35. As a further result thereof, Plaintiff Marlon Buckley experienced extreme emotional distress from witnessing his son's gruesome injury.

## COUNT SIX

### Personal Injury Claim of Plaintiff Heather Buckley

36. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 35 of this Complaint herein by reference.

37. As a proximate result of the product's defective manufacture or construction, defective design or formulation, inadequate warning or instruction, and nonconformance with representations, as previously recited herein, Plaintiff Heather Buckley sustained physical injuries that are permanent in nature.

38. As a further result thereof, Plaintiff Heather Buckley has experienced great physical pain and suffering, with attendant emotional distress, all of which she will continue to experience in the future.

39. As a further result thereof, Plaintiff Heather Buckley has experienced a permanent loss of enjoyment of life and a permanent loss of ability to perform her usual functions.

40. As a further result thereof, Plaintiff Heather Buckley experienced extreme emotional distress from witnessing her son's gruesome injury.

## **COUNT SEVEN**

### **Parents' Claims**

41. Plaintiffs hereby incorporate the allegations set forth in Paragraphs 1 through 40 of this Complaint herein by reference.

42. At all times relevant hereto, Plaintiffs Heather Buckley and Marlon Buckley were the parents and natural guardians of Plaintiff Wyatt Buckley.

43. As a direct and proximate result of the negligence of Defendant, Plaintiffs Heather Buckley and Marlon Buckley have incurred hospital and medical expenses for the benefit of their minor son, Wyatt Buckley, in an amount that is unknown and unliquidated, and they will incur additional hospital and medical expenses in the future.

44. As a direct and proximate result of the negligence of Defendant, Plaintiffs Heather Buckley and Marlon Buckley have been deprived of the society, companionship and consortium of their minor son, Wyatt Buckley.

## **COUNT EIGHT**

### **Punitive Damages—Ohio Revised Code Section 2307.80**

45. Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 44 of this Complaint herein by reference.

46. The harm for which Plaintiffs are entitled to recover compensatory damages in accordance with Ohio Revised Code Section 2307.73 was the result of misconduct of Defendant Peg Perego that manifested a flagrant disregard of the safety of persons who might be harmed by the product in question. Plaintiffs are therefore

entitled to an award of punitive damages against Defendant Peg Perego pursuant to the provisions of Ohio Revised Code Section 2307.80.

**WHEREFORE**, Plaintiffs demand judgment against Peg Perego U.S.A., Inc. as follows:

- A. For compensatory damages in excess of the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs;
- B. For punitive and exemplary damages for each Plaintiff;
- C. For interest, costs, and reasonable attorney's fees incurred by Plaintiffs; and
- D. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CLARK, PERDUE & LIST**

_____
**DALE K. PERDUE**         (0009653)
471 East Broad Street, Suite 1550
Columbus, OH 43215
Telephone: (614) 460-1601
Facsimile: (614) 469-1100
E-mail: dperdue@clarkperdue.com

_____
**D. ANDREW LIST**         (0052734)
471 East Broad Street, Suite 1550
Columbus, OH 43215
Telephone: (614) 460-1604
Facsimile: (614) 469-1117
E-mail: alist@clarkperdue.com

Attorneys for Plaintiffs

**JURY DEMAND**

Plaintiffs hereby request a trial by jury as to all issues triable to a jury.

**CLARK, PERDUE & LIST**

_____
**DALE K. PERDUE** (0009653)
Attorneys for Plaintiffs